## BROWER v. KENNARD.

(Supreme Court, Appellate Term. December 8, 1910.)

BROKERS (§ 82*)—ACTION FOR COMMISSIONS—PLEADING AND EVIDENCE.

The complaint, alleging plaintiff was employed by defendant as an agent to obtain and assist in obtaining orders for sale of certain articles, to be paid a commission on the selling price of all such articles sold by plaintiff, or sold through his efforts or introductions obtained by him, and that defendant, through such an introduction, sold to a certain person such an article for a certain price, seeks recovery, not for producing a purchaser ready, able, and willing to purchase on given terms, or for obtaining an order, but for an actual sale; so that there is no right to recover on evidence of a conditional order, that the conditions were not fulfilled, and that there was no actual sale.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 103; Dec. Dig. § 82.*]

Appeal from City Court of New York, Trial Term.

Action by John A. Brower against John Hanson Kennard. From a judgment on a verdict for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Earley & Carstarphen (Frank E. Carstarphen and N. Raymond Heater, of counsel), for appellant.

Henry C. Quinby (John F. Valieant, of counsel), for respondent.

GAVEGAN, J. The complaint alleges that the defendant employed plaintiff "as an agent to obtain and assist in obtaining orders for the sale of automobile trucks," and agreed to pay the plaintiff a commission on the selling price of all automobile trucks "sold by this plaintiff, or sold through the efforts of or introductions obtained by this plaintiff"; that thereafter defendant, through plaintiff's introduction, "did sell to Burns Bros., and Burns Bros. purchased from this defendant, an automobile truck, the selling price of which was $5,000."

The plaintiff, therefore, does not seek in his complaint to recover for having produced a purchaser who was ready, able, and willing to purchase on the terms theretofore stated by the defendant to the plaintiff, or for the obtaining of an order for a truck, but alleges an actual sale of a truck and an agreement to pay him only for actual sales. The evidence shows that, while a conditional order was given to the defendant by Burns Bros. for a truck, the conditions, in connection with the preparation of specifications, were never fulfilled, and there never was an actual sale of a truck by the defendant to Burns Bros. through the plaintiff's efforts or introduction.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

There was not sufficient evidence to sustain the verdict, and the judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.